# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JOSEPH O'BYRNE,** *et al.* : | |
| : | **Civil Action. 2:19-CV-02493** |
| **Plaintiffs,** : | |
| : | **Chief Judge Algenon L. Marbley** |
| **v.** : | |
| : | **Magistrate Judge Elizabeth Deavers** |
| **WEYERHAEUSER COMPANY,** *et al.* : | |
| : | |
| **Defendants.** : | |

## OPINION & ORDER

This matter comes before the Court on Defendant Westport Homes, Inc.'s ("Westport") Motion to Strike Jury Demand. (ECF No. 29). For the reasons set forth below, Westport's motion is **GRANTED**.

## I. BACKGROUND

Joseph O'Byrne and Sara O'Byrne, Plaintiffs, entered into a purchase agreement with Westport for Westport to build them a house in Pickaway County, Ohio. (ECF No. 26 ¶ 1). When building the home, Westport allegedly used defective joists manufactured by Defendant Weyerhaeuser Company ("Weyerhaeuser") that emitted "dangerous and unhealthy levels of invisible and noxious formaldehyde gas." (*Id.*). Plaintiffs allege they suffered "unexplained medical conditions and personal injuries" after starting to live in their new home. (*Id.*). According to Plaintiffs' allegations, Weyerhaeuser sent a letter to "Dealers/Distributors/Home Builders" in July 2017 warning of the dangers related to the joists and sent another letter to dealers asking them to cease the sale of any joist manufactured after December 2016. (*Id.* ¶¶ 33, 34). Homeowners were notified to leave their homes until the defective joists could be repaired. (*Id.* ¶ 36). Defendants "offered to remediate" the joists emitting gases by covering the joists with

paint, but Plaintiffs allege this offer was "inadequate and unsuccessful." (*Id.* ¶ 39). Plaintiffs brought suit for monetary damages against Westport alleging breach of contract, unjust enrichment, breach of express and implied warranties, violations under the Home Construction Services Act, violation of the Magnuson-Moss Warranty Act, and various tort law claims. (ECF No. 26).

Defendant Westport has now moved to strike Plaintiffs' jury demand, arguing its agreement with Plaintiffs contains a waiver provision in which Plaintiffs waived the right to a jury trial in the event of a dispute arising out of the agreement or its enforcement. (ECF No. 29). Plaintiffs respond by arguing that the contractual waiver is void and unenforceable under Ohio law in this diversity action, asking this Court effectively to "anticipate" how the Ohio Supreme Court would decide this issue under state law rather than applying federal law. (ECF No. 35 at 3-4).

## II. STANDARD OF REVIEW

The Seventh Amendment to the Constitution protects the right of trial by jury. U.S. CONST. amend. VII. An individual may waive this right in advance of any dispute so long as the waiver is "knowing and voluntary." *See K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752, 755-56 (6th Cir. 1985); *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 668 (6th Cir. 2003) (en banc). The party objecting to enforcement of a waiver provision bears the burden of proving that its consent to the waiver was not "knowing and voluntary." *K.M.C.*, 757 F.2d at 758.

To evaluate whether a party has made a knowing and voluntary waiver of their right to a jury trial, the Sixth Circuit considers the following five factors:

> (1) plaintiff's experience, background, and education; (2) the amount of time the plaintiff had to consider whether to sign the waiver, including whether the employee had an opportunity to consult with a lawyer; (3) the clarity of the waiver; (4) consideration for the waiver; as well as (5) the totality of the circumstances.

*Hergenreder v. Bickford Senior Living Grp., LLC*, 656 F.3d 411, 420-21 (6th Cir. 2011) (citing *Morrison*, 317 F.3d at 668). The question of whether an individual has waived her right to a jury trial is governed by federal law rather than state law, since it is "a constitutional question separate and distinct from the operation of rules of substantive contract law." *K.M.C.*, 757 F.2d at 756.

### III.     LAW & ANALYSIS

The purchase agreement drafted by Westport relating to the sale and construction of Plaintiffs' house contains a jury trial waiver provision that indicates as follows:

> Builder and Buyer waive the right to trial by jury in the event of litigation regarding the performance or enforcement of this Agreement or regarding causes of action arising from this Agreement. This waiver includes, but is not limited to, all issues a) that involve the interpretation of this Agreement or any document supplemental to, or related to, the contents of this agreement; b) related to construction matters of the Home and/or improvements to the Lot, before or after their completion; and c) regarding acts or omissions committed or omitted by Builder.

(ECF No. 35 at 9-10). The waiver provision also appears on the same page as a section that Plaintiffs were required to initial, with a tick mark next to the provision. (ECF No. 41 at 6).

#### A.  Application of Federal Law

Defendant Westport's Motion to Strike raises the question of whether a party can waive the right to a jury trial guaranteed by the Seventh Amendment of the United States Constitution. (ECF No. 29). "[T]he question of [whether a party has a] right to jury trial is governed by federal and not state law." *Simler v. Conner*, 372 U.S. 221, 222 (1963). The Sixth Circuit has held that because a waiver of the right to a jury trial is "a constitutional question separate and distinct from the operation of rules of substantive contract law," the question of whether a party has waived the right to a jury trial is also governed by federal law. *K.M.C.*, 757 F.2d at 755-56. Plaintiffs argue that *K.M.C.* misapplied the holding in *Simler*, claiming *Simler* only held that the right to a jury trial is a question of federal law. (ECF No. 35 at 1-2). Plaintiffs seek to distinguish the

question of whether a party may waive the right to a jury trial as a matter of federal law, arguing "nothing in the holding of *Simler*" would support "its expansion and extension" to whether a party can waive the right to a jury trial. (*Id.* at 2).

Plaintiffs' attempt to distinguish the two questions is unpersuasive. Both questions arise from the same constitutional right to a jury trial, which is "more than mere contract law." *K.M.C.*, 757 F.2d at 756 (citing *D.H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 183 (1972)). Other circuits have joined the Sixth Circuit to hold that the waiver of the right to a jury trial is a matter of federal law. *See Med. Air Tech. Corp. v. Marwan Inv., Inc.*, 303 F.3d 11, 18 (1st Cir. 2002); *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3d Cir. 2007); *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988). While certain courts have invoked the *Erie* doctrine in favor of applying state law when there is a more stringent standard regarding waiver of jury trials, Ohio law does not provide such a standard for this Court to apply. *Cf. Cty. of Orange v. U.S. Dist. Ct.*, 784 F.3d 520, 528-29 (9th Cir. 2015). This Court finds the Sixth Circuit's holding in *K.M.C.* controls, and therefore will analyze a waiver of the right to a jury trial under federal law.

### B. Enforcement of Waiver Provision

On its face, the purchase agreement's jury trial waiver provision applies to the dispute between Plaintiffs and Defendant Westport. Plaintiffs allege that the provision was "inconspicuous and unaccompanied by any explanation" and that "Plaintiffs were unable to decide whether walking away from the transaction was even an option." (ECF No. 35 at 9). This Court recently applied the five-factor *Hergenreder* test in a related case to determine whether the plaintiffs had met their burden to show their waiver was knowing and voluntary. *See Thomas v. Westport*, No. 2:18-cv-1019, 2020 WL 1275237, at *2 (S.D. Ohio Mar. 17, 2020). As this Court

held in *Thomas*, this Court finds that Plaintiffs have failed to meet their burden of showing that the waiver provision does not apply.

With respect to the first factor, this Court finds Plaintiffs' experience, background, and education weigh in favor of granting Westport's Motion. Plaintiffs allege they are "all legally-unsophisticated consumers with limited-to-no experience in contracting to purchase a home, much less to build one." (ECF No. 35 at 9). Plaintiffs also allege that Westport drafts and enters into agreements "on a daily basis" while "few homeowners" have "extensive experience" in purchasing or building homes during their lifetimes. (*Id.*). Westport responds that Plaintiffs do not refute Defendant's allegations that their experience, background, and experience are sufficient to understand the waiver provision. (ECF No. 41 at 5). Plaintiffs have not "demonstrate[d] a lack of sophistication" that would prevent them from understanding the waiver provision, so this factor weighs in Defendant's favor. *See Boyd v. Allied Home Mortg. Capital Corp.*, 523 F. Supp. 2d 650, 654 (N.D. Ohio 2007) (noting that even though plaintiff was not informed of the waiver provision and there was unequal bargaining power between the parties, plaintiff did not demonstrate a lack of sophistication and the contract language was "clear" enough to understand).

The second factor—the time Plaintiffs had to consider the waiver provision with consultation of counsel—also weighs in favor of Westport. Plaintiffs allege that Westport's agreement is a "non-negotiable, boilerplate form" and that they were not able to negotiate for any alterations. (ECF No. 35 at 9). An unequal bargaining position between parties to an agreement alone is not a sufficient reason to hold an agreement unenforceable, and a party must show that the party was "defrauded or coerced into agreement" due to an imbalance. *Moro Aircraft Leasing, Inc. v. Keith*, 789 F. Supp. 2d 841, 850 (N.D. Ohio 2011). Plaintiffs do not present any

evidence that they were not allowed to consult counsel or that they were required to sign the agreement immediately.

The third factor—the clarity of the waiver—similarly weighs in favor of Defendant because the waiver is written in clear language, placed just below a section that Plaintiffs signed, with a tick mark next to the provision. (ECF. No 41 at 7). Plaintiffs allege that when Westport wished to emphasize certain provisions, Defendant used "all caps, bolding or underlining." (ECF No. 35 at 10). Plaintiffs' own allegation favors Westport. From the agreement, the provision title "**WAIVER OF TRIAL BY JURY**" is both capitalized and bolded with a tick mark next to the provision, found right below Plaintiffs' initials. (ECF No. 41 at 7). The clear language, enlargening of font, and the provision's proximity to Plaintiffs' initials demonstrate the clarity of the waiver to Plaintiffs. *See Kinzel v. Bank of Am.*, No. 3:10-cv-02169, 2013 WL 4679938, at *5 (N.D. Ohio Aug. 30, 2013) (noting "the jury waiver provision was clear. It is printed in bold font and, by its express terms, informs the parties to the contract that they waive 'all right to a jury trial with respect to any action or dispute relating . . . this Agreement'").

The fourth factor requires sufficient consideration, or a bargained-for exchange. *See Harmon v. Philip Morris, Inc.*, 120 Ohio App. 3d 187, 190, 697 N.E.2d 270, 271 (1997); *Raasch v. NCR Corp.*, 254 F. Supp. 2d 847, 862 (S.D. Ohio 2003) (noting consideration "is the promise of one party to do something it is not obligated to do in exchange for another's promise to do something else.") By signing the purchase agreement, Plaintiffs promised to pay for the home that Defendant promised to build. There is no need for independent consideration for the waiver provision found in the agreement when the agreement as a whole has sufficient consideration. *See High v. Capital Senior Living Prop. 2-Heatherwood, Inc.*, 594 F. Supp. 2d 789, 799 (E.D. Mich. 2008) (noting "[i]t is a fundamental principle of contract law that one consideration can

support many promises.") Thus, the Court finds the fourth factor, sufficient consideration, is satisfied.

Finally, considering the totality of the circumstances, this Court finds Plaintiffs knowingly and voluntarily waived their right to a jury trial when they signed the purchase agreement for Westport to build their home. Plaintiffs have not shown evidence to support any deception or duress by Westport, or that Plaintiffs could not request for more time to review the agreement with counsel. *See Schnaudt v. Johncol, Inc.*, No. 2:15-cv-02619, 2016 WL 5394195, at *5 (S.D. Ohio Sept. 27, 2016) (holding that balance of factors weighed in favor of finding that plaintiffs had waived their right to a jury trial where there was no evidence that plaintiffs were deceived, put under duress, or had no time to review the contract). Plaintiffs have failed to meet their burden of proving that they did not knowingly and voluntarily waive their right to a jury trial.

## IV. CONCLUSION

This Court hereby **GRANTS** Defendant Westport's Motion to Strike Jury Demand. (ECF No. 29).

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: November 3, 2020**