IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSEPH O'BYRNE, *et al.*,

    Plaintiffs,

vs.

WEYERHAEUSER COMPANY, *et al.*,

    Defendants.

Case No. 2:19-cv-2493

Chief Judge Algenon L. Marbley

Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on the parties' various motions and responses regarding the case schedule and Defendants' Initial Disclosures. For the reasons that follow, Plaintiffs' Motions to Compel Disclosure of Persons with Discoverable Information and Documents that May [be] Used[d] to Support Defenses in this Case ("Motion to Compel Initial Disclosures") (ECF Nos. 71 and 72) are **DENIED**. The Motion of Defendant Weyerhaeuser Company ("Weyerhaeuser") to Enforce and, In Part Modify Pretrial Deadlines (ECF No. 69), which Defendant Westport Homes, Inc. ("Westport") supports (ECF No. 74) is **GRANTED**. Plaintiffs' Second Motion to Modify and Extend Pretrial Deadlines (ECF No. 73) is **DENIED**.

I.

A. **Plaintiffs' Motions to Compel Initial Disclosures**

Plaintiffs maintain that Weyerhaeuser and Westport have not complied with Federal Rule of Civil Procedure 26(a)(1)(A)(i). As to Weyerhaeuser, Plaintiff explains that Weyerhaeuser's Initial Disclosures, served October 10, 2019, identified the following Weyerhaeuser employees

and affiliated personnel: Adrian Blocker, Frank Cereghini, Sean Osmun, Dan Kerska, Tom Otter, Denise Merle and Lee Ann Knight. Weyerhaeuser's First Supplemental Disclosures, served January 28, 2021, continued to identify Blocker, Cereghini, Osmun, Kerska, Otter and Merle who were listed in its first Initial Disclosures. Plaintiff notes that Weyerhaeuser identified Barry Cleary and Carolyn Atkinson for the first time as Weyerhaeuser employees or affiliated personnel likely to have discoverable information that Weyerhaeuser may use to support its defenses in this case. Weyerhaeuser eliminated Knight as a person likely to have such discoverable information and added John Grohol of Defendant, BluSky Restoration Contractors, Inc.

Plaintiffs' main contention relates to Weyerhaeuser's January 31 and February 1, 2021 production of approximately 4,900 pages of additional documents that supplemented its Initial Disclosures it served on October 10, 2019, and the document production it made in February 2020 of 3,082 pages of documents. Plaintiffs maintain that a review of those documents revealed at least nine additional persons who were likely to have discoverable information but were not disclosed in Weyerhaeuser's Initial Disclosures. Plaintiffs reason that, as a result, Weyerhaeuser's Initial Disclosures were incomplete because these individuals should have been disclosed but were not. Plaintiffs also contend that Weyerhaeuser did not comply with Rule 26(a)(1)(A)(ii) by failing to disclose documents and ESI that it may use to support its defenses

Similarly, Plaintiffs note that Westport's Initial Disclosures, served November 1, 2019, identified the following persons other than Plaintiffs: Jack Mautino, president of Westport's Columbus division; Bill Lange, vice president for production/procurement of Westport's Columbus division; and Bruce Miller, the general construction manager of Westport. Plaintiffs contend that the depositions of Jack Mautino and Bill Lange revealed the central role of

Weyerhaeuser's distributor for TJI joists with Flak Jacket protection, Strait and Lamp Group ("S&L"), and two of its employees, Sy Kasarjian, the S&L sales rep for Weyerhaeuser products sold to Westport, and Steve Arnold, president of the company.  Therefore, according to Plaintiffs, Westport's Initial Disclosures were incomplete because they failed to disclose either Steve Arnold or Sy Kasarjian as persons with discoverable information that may be used to support Westport's defenses to at least part of the claims in this case.  Plaintiffs also assert that Westport's did not comply with Rule 26(a)(1)(A)(ii) because its description of the documents in its possession are so broad and vague as to be uninformative.

Defendants generally counter that Plaintiffs' Motions to Compel are nothing more than an attempt to cure their failure to pursue discovery diligently during the lengthy period it was open.  They argue that Plaintiffs' Motions to Compel are untimely, noting they come more than four months after the discovery deadline and more than one and a half years after they served the purportedly deficient Initial Disclosures, or as Weyerhaeuser puts it "two years after the Complaint in this case was filed, twenty months after the initial disclosures were made, and four years after Plaintiffs' counsel undertook representation of the Plaintiffs.  (Def's Memo. Contra, ECF No. 76, at p. 3.)  Both Defendants point out that Plaintiffs never propounded interrogatories, issued any requests for production of documents or served requests for admission *at all* during the course of this litigation.  Even if the challenges were timely, Defendants maintain that their Initial Disclosures were in full compliance with Rule 26(a)(1)(A).

## II.

Rule 26(a)(1) requires a party, without awaiting a discovery request, to provide to the other party the name and, if known, the address and telephone number of each individual likely

to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26(a)(1)(A)(i) does not require Defendants to initially disclose the names of all individuals who have discoverable information, but only those individuals who defendant "may use" to support its defenses. *Harris v. Advance America Cash Advance Centers, Inc.*, 288 F.R.D. 170, 171–72 (S.D. Ohio 2012) (citing *El Camino Resources, Ltd. v. Huntington Nat. Bank,* No. 1:07–cv–598, 2009 WL 1228680, at *3 (W.D. Mich. April 30, 2009) and 8 Charles Alan Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice & Procedure § 2053 (Supp. 2009)). The purpose of the initial disclosure is to alert the opponent to the existence of a witness whose testimony may be helpful to the disclosing party. *Id*. As one court described in some detail:

> "The purpose of Rule 26(a) is to allow the parties to adequately prepare their cases for trial and to avoid unfair surprise." *Russell v. Absolute Collection Services*, Inc., 763 F.3d 385, 396 (4th Cir. 2014). "[T]he goal of the initial disclosure requirement is to 'accelerate the exchange of basic information about the case and to eliminate paper work involved in requesting such information.' " *United States ex rel. Hunt v. Merck-Medco Managed Care, LLC*, 223 F.R.D. 330, 333 (E.D. Pa. 2004) (quoting Rule 26(a), 1993 Advisory Committee Notes). This automatic disclosure requirement also prevents parties from "obstruct[ing] production of the very documents that it would use to support its case and then unveil[ing] those documents at trial or in response to a dispositive motion." *Milliken & Co. v. Bank of China*, 758 F.Supp.2d 238, 245 (S.D.N.Y. 2010). Indeed, the purpose of these disclosures is to "alert the opponent to the existence of a witness whose testimony may be helpful to the disclosing party." *Harris v. Advance America Cash Advance Centers, Inc.*, 288 F.R.D. 170, 171 (S.D. Ohio 2012). The initial disclosure requirement under Rule 26(a)(1)(A)(i) does not require the identification of every individual with discoverable information, but only those persons a party "may use" to support its claims or defenses. *Chen-Oster v. Goldman, Sachs & Co.*, 114 F. Supp. 3d 110, 129 (S.D.N.Y. Mar. 10, 2015); *Harris*, 288 F.R.D. at 171. In the context of Rule 26(a)(1)(A)(i), "use" is defined broadly, including use at any pretrial conferences, in discovery, in support of a motion, and ultimately, at trial. *See* Fed. R. Civ. P. 26 (a)(1) Advisory Committee Notes (2000). A party is not "obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use." *Id*. Nevertheless, the duty to disclose is not only limited to information a party is *certain* it will use, but *may* use to support its claims or defenses. *See Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. 594, 605 (S.D. Cali. Mar. 26, 2015).

4

*In re: Sonic Corp. Customer Data Security Breach Litigation,* No. 1:17MD02807, 2018 WL 11255772 at *3 (N.D. Ohio, April 4, 2018).

### III.

Plaintiffs apparently have conducted virtually no discovery in this case, except for depositions that Defendants permitted after the close of discovery as a professional courtesy. As Defendants emphasize, and the correspondence attached to their briefing confirms, they permitted these untimely depositions on the condition that no further fact discovery would be had. No matter how the Court construes the timing of their Motions to Compel, Plaintiffs quite clearly have been dilatory in pursuing discovery in this case. The Court cannot countenance much less reward Plaintiffs' dilatoriness by essentially reopening discovery in the case.

Putting aside the issue of timeliness, which by no means should be construed as a determination that the Motions to Compel are appropriate at this late stage of the litigation, the Court concludes that Defendants have complied with their obligations under Rule 26(a)(1)(A) and that Plaintiffs have misinterpreted the Rule. Rule 26(a)(1)(A)(i) does not require Defendants to initially disclose the names of *all* individuals who have discoverable information, as Plaintiffs assert. The Rule only requires disclosure of those individuals who defendant *may use* to support its defenses. *Harris*, 288 F.R.D. at 171-72; *In re: Sonic Corp. Customer Data Security Breach Litigation,* 2018 WL 11255772 at *3.

The few cases cited by Plaintiffs from Utah and California are neither binding in any respect nor persuasive. For instance, in *Hornady Mfg. Co. v. Doubletap*, No. 2:11-cv-18 TS, 2013 WL 1693678, (D. Utah Apr. 18, 2013), the defendant sought to prevent the plaintiff from calling at trial or otherwise relying on the testimony of witnesses omitted from its initial disclosures who had submitted declarations in connection with a motion for summary judgment.

In *Modern Font Applications v. Alaska Airlines*, No. 2:19-cv-00561-DBB-CMR, 2020 WL 3065157 (D. Utah 2020), the court found the party's initial disclosures deficient because it had provided the identity of witnesses but failed to provide the specific subjects of discoverable information in their possession or their contact information. *Pulido v. Lunes*, No. 1:14-cv-01174-DAD-EPG (E.D. Cal. May 20, 2016),[1] is also apparently inapposite in that a court ordered parties in a prisoner case which is normally exempt to provide initial disclosures. The court noted that there was no material difference between documents related to claims and defenses and those that may be used in a claim or defense. In other words, the court ordered the defendants to disclose documents that related to their claims or defenses that they may use.

Here, there is no indication that Defendants intend to use any of the identified individuals in support of their defenses. They have not presented declarations from any of the individuals Plaintiffs identified nor disclosed them as witnesses for trial. In fact, Defendants have indicated that they have no intention of doing so in supporting their defenses and have disclosed those they do intend to use. As such, Defendants had no duty to disclose the individuals identified by Plaintiffs in their review of the documents Defendants voluntarily provided outside of the context of a formal discovery request.[2]

To the extent Plaintiffs complain that they are too broad and vague, the Court also finds that Defendants' descriptions of categories and locations of disclosed documents is wholly consistent with Rule 26(a)(1)(A)(ii). Although Plaintiffs contend without citation or legal

---

[1] The Court has been unable to find any Order in the *Pulido v. Lunes* case dated May 20, 2016 and is therefore relying on the summary Plaintiffs provided in their Reply (ECF No. 77).
[2] Moreover, if a party fails to provide information or identify a witness under Rule 26(a) or 26(e), that party "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or was harmless." Fed. R. Civ. P. 37(c)(1). Defendants have not attempted to use the identified individuals, through affidavit or otherwise, in this litigation and if they had, the remedy would be their exclusion.

support that "[o]bviously, a copy of the documents is the preferred manner of providing initial disclosures . . . ," (Mot. to Compel, ECF No. 72 at p. 3), Defendants had no obligation to produce the documents.  *See* 1993 Advisory Committee Notes ("subparagraph [(ii)] does not require production of any documents. . . .  If, as will be more typical, only the description is provided, the other parties are expected to obtain the documents desired by proceeding under Rule 24 or through informal requests.")  Here, Plaintiffs should have used other discovery devices to obtain the documents but failed to do so.

Plaintiffs Motions to Compel (ECF Nos. 71 & 72) are without merit.  Accordingly, the Motions are **DENIED**.

## IV.

Having decided that Plaintiffs' Motions to Compel are denied, the Court turns now to the matter of the remaining schedule.   First, to the extent Defendants move the Court to declare that all fact discovery in this litigation is closed, Weyerhaeuser's Motion (ECF No. 69), which Westport supports (ECF No. 74), is **GRANTED**.  All fact discovery in the case is **COMPLETE**.  Plaintiffs' Second Motion to Modify and Extend Pretrial Deadlines (ECF No. 73) is **DENIED**.

The following revised schedule shall apply:

- Primary Expert Reports due by **SEPTEMBER 1, 2021**.
- Plaintiffs' Settlement Demand due by **SEPTEMBER 15, 2021**
- Rebuttal Expert Reports due by **OCTOBER 1, 2021**
- Defendants' Settlement Response due by **OCTOBER 15, 2021**
- Expert Discovery Cut-Off is **OCTOBER 22, 2021**
- Dispositive and Daubert Motions Deadline is **NOVEMBER 22, 2021**[3]

---

[3] Memoranda in Opposition and Replies are due according to rule.

**IT IS SO ORDERED.**


**DATED:  August 25, 2021**              /s/ *Elizabeth A. Preston Deavers*
                                         **ELIZABETH A. PRESTON DEAVERS**
                                         **UNITED STATES MAGISTRATE JUDGE**